```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


NESSIE LUDLOW,                   §
                                 §
          Plaintiff,             §
                                 §
v.                               §   CIVIL ACTION NO. H-04-1983
                                 §
ST. LUKE'S HOSPITAL,             §
                                 §
          Defendant.             §
```

**MEMORANDUM OPINION AND ORDER**

In May of 2004 plaintiff filed this employment action against her former employer for national origin discrimination and retaliation under the Civil Rights Act of 1964 ("Title VII").[1] According to the Amended Scheduling Order, the deadline for filing dispositive motions was January 6, 2006.[2] On June 21, 2006, the court adopted the Memorandum and Recommendation of Magistrate Judge Johnson, thereby granting Defendant's Motion for Summary Judgment in part as to plaintiff's discrimination claim and denying the motion in part as to plaintiff's retaliation claim.[3] The court set the case for docket call on August 11, 2006.

On August 3, 2006, defendant filed a Motion to Dismiss (Docket Entry No. 50), arguing that plaintiff's retaliation claim should be

---

[1]   42 U.S.C. §§ 2000e, et seq.

[2]   Docket Entry No. 28.

[3]   See Docket Entry Nos. 47, 49.

dismissed for lack of subject matter jurisdiction.[4]  Defendant argues that failure to exhaust administrative remedies is a jurisdictional issue and that plaintiff failed to assert a retaliation claim in the charge she filed with the Equal Employment Opportunity Commission ("EEOC").  The court disagrees with defendant on both points.

In order to maintain a Title VII action a plaintiff must exhaust administrative remedies before the EEOC.  See 42 U.S.C. §§ 2000e-5(e), (f).  In the context of federal employment, failure to exhaust deprives the district court of subject matter jurisdiction.  Fitzgerald v. Sec'y, U.S. Dep't of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997) ("If a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's Title VII claim."); Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995) (holding that "[t]he filing of an administrative complaint is ordinarily a jurisdictional prerequisite to a Title VII action").  The same rule does not apply for non-federal employment.  Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002) (stating that the "filing of an EEOC charge is not a jurisdictional prerequisite," but it is a "precondition to filing suit in district court").

Although defendant is not a federal employer, defendant cites various federal employment decisions in support of its

---

[4]   See Docket Entry No. 50.

-2-

jurisdictional argument. See Defendant's Motion to Dismiss, Docket Entry No. 50, pp. 4-5 (citing Randel v. United States Dep't of Navy, 157 F.3d 392, 395 (5th Cir. 1998); Fitzgerald, 121 F.3d at 206; Dollis, 77 F.3d at 781; McElroy v. Nicholson, No. H-04-2484, 2006 WL 1371087, at *4 (S.D. Tex. May 18, 2006); Craven v. Gonzalez, No. Civ. A. 4:05-CV-00709, 2006 WL 133477, at *4 (S.D. Tex. Jan. 17, 2006)). Because these authorities address federal employment, they do not apply to this action.

Defendant also cites two district court decisions and a Fifth Circuit decision that involve non-federal employment, but in none of the three cases was the plaintiff's Title VII claims dismissed for lack of subject matter jurisdiction. See Defendant's Motion to Dismiss, Docket Entry No. 50, p. 4 (citing Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex., 40 F.3d 698, 711 (5th Cir. 1994); Blanchet v. Chevron/Texaco Corp., 368 F. Supp.2d 589, 601 (E.D. Tex. 2004); Stanley v. Univ. of Tex. Med. Branch, Galveston, Tex., 425 F. Supp.2d 816, 822 (S.D. Tex. 2003)). In Nat'l Ass'n of Gov't Employees the Fifth Circuit dismissed the Title VII claims based on the doctrine of laches. 40 F.3d at 711-12. In Blanchet and Stanley the district courts granted timely summary judgment motions for failure to exhaust administrative remedies. See Blanchet, 368 F. Supp.2d at 601-03 (noting that the filing of an EEOC charge is not "uniformly viewed as a jurisdictional prerequisite," but is a precondition to filing suit and ruling that the court was precluded from hearing the

plaintiff's retaliation claim because she failed to include that allegation in her charge); Stanley, 425 F. Supp.2d at 822-23 (granting summary judgment on the plaintiff's hostile work environment and retaliation claims because they did not "grow out of" the EEOC charge).

Defendant's Motion to Dismiss was filed without leave of court after the deadline for dispositive motions. Because the failure to exhaust administrative remedies does not deprive a district court of jurisdiction in non-federal cases, the court is under no obligation to hear defendant's untimely motion.[5] Nevertheless, the court has reviewed defendant's arguments and concludes that plaintiff's EEOC charge is not deficient as to plaintiff's retaliation claim.

In construing an EEOC charge courts are to look at "its substance rather than its label." Pacheco v. Mineta, 448 F.3d 783, 789 (5th Cir. 2006). In Pacheco the Fifth Circuit explained:

> To be clear, we do not require that a Title-VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency. Nor do we require, for purposes of exhaustion, that a plaintiff allege a prima fac[i]e case before the EEOC. Instead, the plaintiff's administrative charge will be read somewhat broadly, in a fact-specific inquiry into what EEOC investigations it can reasonably be expected to trigger.

Id. at 792 (internal citations and footnotes omitted); see also Thomas v. Tex. Dep't of Criminal Justice, 220 F.3d 389, 395 (5th

---

[5] A court may dismiss an action whenever the court discovers that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

-4-

Cir. 2000); Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463-66 (5th Cir. 1970).

In her EEOC charge plaintiff alleged that defendant discriminated against her on the basis of her race and her national origin. She detailed her concerns about defendant's hiring process, particularly the disparate use of a two-part pre-employment screening test. Paragraph c. of the Addendum to the charge states that "[d]uring Complainant's employment Complainant would complain with respect to the test and the need for validation. Complainant also complained the test may be discriminatory in nature and the employer should evaluate the same in context of the current civil rights laws." (Defendant's Motion to Dismiss, Docket Entry No. 50, Ex. B, Plaintiff's Charge of Discrimination) Under the liberal standard for construing EEOC charges the court concludes that plaintiff's EEOC charge stated a claim for retaliation based on plaintiff's complaints of discrimination in the administration of the pre-employment survey because these allegations could lead the EEOC to investigate whether she was subjected to retaliation for making such complaints.

Defendant's Motion to Dismiss (Docket Entry No. 50) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of August, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE